UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANIEL KELLER,<br><br>Plaintiff,<br><br>vs.<br><br>MONROE COUNTY POLICE<br>DEPARTMENT, et al.,<br><br>Defendants. | 1:11-cv-1323-JMS-TAB |

**Entry and Order Dismissing Action**

**I.**

Plaintiff Keller's request to proceed *in forma pauperis* was granted on October 4, 2011, permitting him through November 23, 2011, in which to pay at least half of the $350 filing fee and through December 30, 2011, in which to pay the second half or whatever balance remains.

On October 21, 2011, Keller filed a statement reciting his view that he should not have to pay the filing fee. He offers to support this view the fact that the payments have been required of him "during the holidays." Also, referring to a previous lawsuit he filed, docketed as No. 1:11-cv-387-JMS-DML, the plaintiff states that the earlier case did not result in a final judgment.

The filing described above is treated as a request to reconsider the portion of the Entry of October 4, 2011, acting on the request to proceed *in forma pauperis.*

- As to the first point, timing, it is the plaintiff who filed the lawsuit when he did, it is the plaintiff who filed the lawsuit without tendering the filing fee, and it is the plaintiff who requested *in forma pauperis* status. The obligation to pay the filing fee is an obligation he incurred when he filed the lawsuit. *Abdul- Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996) (AAll [28 U.S.C.] ' 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.@).

- As to the second point, it is both inaccurate and irrelevant. The lawsuit docketed as No. 1:11-cv-387-JMS-DML was concluded in this court through the issuance of a final judgment placed on the clerk's docket on May 12, 2011. As Keller is aware, moreover, he has filed a notice of appeal with respect to that judgment. More to the point is that this is a different lawsuit than that which was docketed as No. 1:11-cv-387-JMS-DML. Filing a new lawsuit resulted in the obligation to pay the

filing fee. This makes the outcome of No. 1:11-cv-387-JMS-DML irrelevant to the obligation to pay the filing fee in this case.

"A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . ." *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006). Applying this standard, and for the reasons explained above, the request to reconsider [7] is denied.

## II.

Through its Entry of October 4, 2011, the court also took judicial notice of the plaintiff's prior action involving the same claim, *Keller v. Monroe County Sheriff's Department,* No. 1:11-cv-387-JMS-DML (S.D.Ind. May 12, 2011), reviewed the elements of *res judicata*, and directed Keller to show cause why this action should not be dismissed as barred by *res judicata* following the litigation concluded in No. 1:11-cv-387-JMS-DML. Keller was also supplied with a copy of the Entry and Judgment issued in No. 1:11-cv-387-JMS-DML.

Keller has responded. He has done so by disparaging the decision in No. 1:11-cv-387-JMS-DML and by renewing the allegations associated with the claims he presented there and the claims he renews here.

The doctrine of *res judicata* applies where the following elements are present: (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits. *Tice v. American Airlines,* 162 F.3d 966, 970 (7th Cir. 1998), *cert. denied*, 527 U.S. 1036 (1999). Each of the foregoing elements is present with respect to the present case and the claims resolved in *Keller v. Monroe County Sheriff's Department,* No. 1:11-cv-387-JMS-DML (S.D.Ind. May 12, 2011), The disposition of the earlier action is being challenged on appeal, but may not be ignored in the fashion Keller has done by filing this sequel.

Because the court has granted the plaintiff=s request to proceed *in forma pauperis*, it also has a duty to dismiss the complaint if it fails to state a claim upon which relief can be granted, 28 U.S.C. ' 1915(e)(2)(B). for the reasons explained above, the complaint fails to state a claim upon which relief can be granted. The action is dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/14/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana